DOCKET NO. 229

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN 26 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER IN THE IONIAN SEA ON SEPTEMBER 8, 1974

TRANSFER ORDER

While en route from Athens, Greece, to Rome, Italy, Trans
World Airlines, Inc. Flight No. 841, a Boeing 707 aircraft,
crashed on the high seas.  Included among the passengers who
died as a result of the crash were 36 Americans and 43 foreign
nationals.

There are 14 actions arising from this disaster presently
pending in four federal districts: nine in the Southern District
of New York, two in the Eastern District of Pennsylvania, two
in the District of Maryland and one in the Northern District of
California.  One of the New York actions had originally been
instituted in the District of New Jersey but was transferred to
the Southern District of New York pursuant to 28 U.S.C. §1404(a).
An additional action had been removed to the Southern District
of New York but was subsequently remanded to New York state
court.

The various defendants named in the actions include TWA,
The Boeing Company and four TWA officers and/or employees
being sued for acts or ommissions allegedly occurring in the
course of their employment.

This matter is before the Panel on the motion of TWA and
the four individual defendants to transfer all actions in the
litigation to the Southern District of New York for coordi-
nated or consolidated pretrial proceedings pursuant to 28 U.S.C.
§1407.  Boeing supports the motion as do plaintiffs in all of
the actions pending in the Southern District of New York.
Plaintiffs in the actions pending in the Eastern District of
Pennsylvania have responded to the motion but have taken no
position either in support of or in opposition to the requested
transfer.  Plaintiff in the California action does not oppose
transfer but requests that the Panel remand that action to the
Northern District of California at the conclusion of the common
discovery.  Plaintiffs in the Maryland actions did not respond
to the motion.

- 2 -

We find that these actions involve common questions of fact and that their transfer to the Southern District of New York for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The existence of common questions of fact among these actions, as is usually the case in multidistrict air disaster litigation, is readily apparent.  This commonality and the corresponding need for centralized pretrial proceedings in this litigation is not undermined by the presence of differing legal theories in some of these actions with regard to the respective liabilities of Boeing, TWA and the four individual defendants.  <u>See</u>, <u>e.g.</u>, <u>In re Air Crash Disaster at Cincinnati Airport</u>, 295 F. Supp. 51 (J.P.M.L. 1968); <u>In re Duarte, California, Air Crash Disaster on June 6, 1971</u>, 354 F. Supp. 278, 289 (J.P.M.L. 1973).  Moreover, the absence of any opposition to the requested transfer[1]/ highlights the obvious factual commonality among these actions.

We agree that the Southern District of New York is the appropriate transferee forum for this litigation.  There are more actions pending in that district than in any other and discovery has already advanced in several of the actions there.  Since TWA maintains its principal place of business in the Southern District of New York and the four individual defendants reside in or near there, a substantial amount of the relevant discovery will occur in that district.

Plaintiff in the California action has requested that we presently determine the propriety of remand of that action once the coordinated or consolidated pretrial proceedings have been concluded.  Such a request is, in our view, fatally premature and further, would infringe on the transferee judge's discretion in making orders he deems appropriate to effectuate the expeditious and harmonious conduct of the litigation.

---

[1]/  The failure of the Maryland plaintiffs to respond to the motion is deemed as their acquiescence to the action requested therein.  Rule 7, R.P.J.P.M.L., 65 F.R.D. 253, 256 (1975).

- 3 -

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A and pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Marvin E. Frankel for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John Minor Wisdom
Chairman

SCHEDULE A

MDL-229 -- IN RE AIR CRASH DISASTER IN THE IONIAN SEA ON
          SEPTEMBER 8, 1974

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Theodore Pallas, etc., et al. v. Trans World Airways, Inc., et al. | Civil Action No. 75 Civ.209(MEF) |
| Ruth Ann Reed, Adm., et al. v. Forwood Cloud Wiser, Jr., et al. | Civil Action No. 75 Civ.4015(MEF) |
| Gily Epstein Bard, et al. v. Trans World Airlines, Inc. | Civil Action No. 75 Civ.3136(MEF) |
| Avrum Peter Katzman, etc., et al. v. Trans World Airlines, Inc., et al. | Civil Action No. 75Civ.4537(MEL) |
| George Argyropoulos, et al. v. Trans World Airlines, Inc., et al. | Civil Action No. 75 Civ.4561(EW) |
| Ann P. Giorgi, etc. v. Trans World Airlines, Inc., et al. | Civil Action No. 75 Civ.4586(HFW) |
| Louis L'Esperance, etc. v. Trans World Airlines, Inc. | Civil Action No. 75Civ.4383(CHT) |
| Louise L'Esperance, etc. v. Forwood Cloud Wiser, Jr., et al. | Civil Action No. 75 Civ.4384(MEF) |
| Riccardo Masera, etc. v. Trans World Airlines, Inc., et al. | Civil Action No. 75 Civ. 4842(CBM) |

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Estate of Tej Shah, etc., et al. v. Trans World Airlines, Inc. | Civil Action No. 75-149 (CCN) |
| Hermant Shah, Adm. v. Trans World Airlines, Inc. | Civil Action No. 75-2408 (CCN) |

### DISTRICT OF MARYLAND

| | |
|---|---|
| Pete Gus Chakalakis, etc. v. Trans World Airlines, Inc. | Civil Action No. HM-75-1262 |
| Florentia Chakalakis, Adm. v. Trans World Airlines, Inc. | Civil Action No. HM-75-1263 |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lee H. Benedict, etc. v. Trans World Airlines, Inc., et al. | Civil Action No. C75-1802-AJZ |